(No. 4042— )

AMELIA ATOR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1948.*

SAM SCHNEIDMAN AND HAROLD R. CLARK, Attorneys for Claimant.

HON. GEORGE F. BARRETT, Attorney General; HON. WILLIAM L. MORGAN, Assistant Attorney General, and HON. C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

This action is brought under Section 3 of the Workmen's Occupational Diseases Act (Illinois Revised Statutes 1947, Chapter 48, Section 172.3), by Amelia Ator, an employee of the respondent, for damages sustained as a result of contracting tuberculosis while working as a cook at the Kankakee State Hospital at Kankakee, Illinois. Claimant is a woman 53 years of age, and she has been employed by the respondent since January 27, 1942. Prior to that time, she lived at Quincy, Illinois, and was a strong, healthy woman, gainfully employed in various mercantile establishments.

From January 27, 1942, until January 1, 1945, the claimant worked in the kitchen of the tubercular ward, being Ward 15 South, of the Kankakee State Hospital, as a relief cook, at least once each week. There, she came in contact directly and indirectly with patients of

the institution recovering from tuberculosis. She handled cooking utensils and dishes which had been washed and dried by patients having arrested cases.

The kitchen is located in the center of the ward, with an open entrance to serving rooms at each end. Swinging doors open from each of the serving rooms to a corridor. The dining rooms are immediately off the serving rooms with an open window or port between them. There is an outside door to the kitchen and this, together with the two openings into the serving rooms, furnish the only means of entering or leaving the kitchen. The food, after being prepared in the kitchen, was carried into the serving rooms and then passed to the dining rooms through the open port. Light switches were in the west serving room and the telephone was in the east serving room. Claimant was required to use these facilities daily. The doors connecting the serving rooms and hall corridor were frequently left open. A toaster in the kitchen and one compartment of the ice box were used at night by attendants who came directly from the tubercular ward to the kitchen.

From January 1, 1945, until June, 1946, claimant worked as a regular cook at the staff house, and as a relief cook at the superintendent's residence. Nothing in the record indicates any exposure to tuberculosis during this period.

At intervals during her employment at the institution, claimant was required to work more than eight hours in a day and more than forty-eight hours in a week. This is in violation of ''An Act concerning the hours of employment of females in certain occupations'' (Illinois Revised Statutes 1947, Chapter 48, Section 5), which provides:

"No female shall be employed...........................,....in any public or private institution or offices thereof, incorporated or unincorporated in this State, more than eight hours during any one day nor more than forty-eight hours in any one week........................"

The violation of this statute by the respondent is clearly the violation of a statute intended for the protection of the health of employees, and constitutes negligence under Section 3 of the Workmen's Occupational Diseases Act. (*Wheeler* vs. *State,* 12 C.C.R. 254). Such a violation creates a cause of action in favor of an employee, against the State, where such employee sustains injury to her health by reason of disease contracted or sustained in the course of her employment, as a result thereof. (*Wheeler* vs. *State,* supra).

Claimant, however, had a routine X-ray examination at the Kankakee State Hospital in 1945, which showed no evidence of tuberculosis. This was subsequent to the period during which she alleges she was exposed to the disease. No exposure is alleged or proved subsequent to January 1, 1945. Claimant was first found to have tuberculosis in June, 1946.

The only medical testimony in the record is that of Dr. Emmett F. Pearson, of Springfield, Illinois. Dr. Pearson had not examined Mrs. Ator, nor had she been under his care at any time. Although she had spent nine months in a sanitarium at Quincy, Illinois, no member of that staff testified. Dr. Pearson's testimony was confined almost entirely to answering a hypothetical question which included most of the facts in reference to her employment prior to January 1, 1945 and which were proved at the hearing before Commissioner Blumenthal. After a recital of these facts, the question concluded:

"If at a later date this woman developed pulmonary tuberculosis, Doctor, have you an opinion as to whether there might or could, with reasonable medical certainty, be a causal relationship between the em-

ployment and working environment which I have described in this question and the tubercular condition of this woman?"

To this question, Dr. Pearson replied:

"I believe that there is a probable causal relationship between the employment and working environment and the contraction of the disease by the woman."

It is quite obvious that the question was misleading. "At a later date," was ambiguous and indefinite. The question did not, in any way, take into account the fact that claimant, after January 1, 1945, did not work in the kitchen of the tubercular ward, and was not thereafter exposed to tuberculosis in the institution. It omitted any reference to her employment from January 1, 1945, to June, 1946, during which time she was found to be free of tuberculosis. Dr. Pearson answered a question which might sustain an award, if claimant, in January of 1945, had been found to be suffering from tuberculosis. There is not a scintilla of evidence that an exposure to tuberculosis between 1942 and 1945 would be the cause of tuberculosis appearing in June, 1946, an examination during 1945 having shown no tuberculosis.

Although the record discloses a clear violation of the statute in regard to female employment, and although the record discloses that claimant was exposed to tuberculosis during her employment prior to January 1, 1945, the record in no way sustains the necessary allegation that the tuberculosis contracted in June, 1946, was contracted or sustained in the course of claimant's employment, as a result thereof.

Since claimant's tuberculosis is not shown to have been contracted or sustained in the course of her employment, nor proximately caused by the negligence of the employer, she cannot recover under the provisions of

Section 3 of the Workmen's Occupational Diseases Act.

The testimony taken at the hearing before Commissioner Blumenthal, at Chicago, was taken and transcribed by A. M. Rothbart, who made charges therefor in the amount of $122.45. These charges appear reasonable and proper.

The testimony taken at the hearing before Commissioner Blumenthal, at Springfield, was taken and transcribed by Hugo Antonacci, who made charges therefor in the amount of $22.50. These charges appear reasonable and proper.

An award is therefor entered in favor of A. M. Rothbart in the amount of $122.45, and an award is entered in favor of Hugo Antonacci in the amount of $22.50, both payable forthwith.

An award to claimant is denied.